UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABRAHAM CRUZ, | : | CIVIL NO.: 1:20-CV-00435 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| FEDERAL COURT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## AMENDED ORDER

**I. Introduction.**

The plaintiff, Abraham Cruz ("Cruz"), alleges multiple violations of his constitutional rights at the hands of federal court personnel. After construing Cruz's complaint as attempting to state a *Bivens*[1] claim and screening it in accordance with 28 U.S.C. § 1915A, we conclude that the complaint fails to state a claim upon which relief may be granted, and we will grant Cruz leave to file an amended complaint.

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

## II. Background.

Cruz commenced this action *pro se* on March 13, 2020, by filing a complaint and an application to proceed *in forma pauperis*. Docs. 1, 2. Although Cruz lists as the defendants in his complaint only unnamed federal judiciary personnel, including a judge, a director, clerks, and bailiffs, he complains about his underlying state criminal conviction and events and conditions at several state correctional institutions. *Doc. 1* at 4-6, 8-10.

Cruz seeks as relief payments from the Social Security Administration and $54,000,000 from an unspecified breach of contract regarding his properties and inheritance. *Id.* at 5.

## III. Screening of *In Forma Pauperis* Complaints—Standard of Review.

This court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint must be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994).  But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

4

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal*, 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. Discussion.

Cruz filed a complaint for alleged violations of his civil rights via a form complaint provided to prisoners. *See doc. 1*. Cruz checked boxes on his complaint form stating that he attempts to bring his claims under both 42 U.S.C. § 1983 and *Bivens*. *Id.* at 3. Cruz seems to have muddled these two types of claims by attempting to assert them against federal officials,[2] in both their individual and

---

[2] A "suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). "Because § 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from § 1983 liability inasmuch as in the normal course of events they act pursuant to federal law." *Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3d Cir. 1998) (collecting cases). Cruz pleads nothing as to how the defendants acted under color of state law; thus, we read his complaint as attempting to state only a *Bivens* claim.

official capacities[3] as indicated by more checked boxes, alleging a myriad of claims occurring as a result of Cruz's state criminal conviction and time spent in state prison for violations of "the 4, 5, 7, 9, 11, 14, and 18th" Amendments. *Id.* We construe his complaint as attempting to state a *Bivens* claim against the defendants in their individual capacities since Cruz lists only federal officials as defendants. But we find that his complaint fails to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915A, and we grant Cruz leave to file an amended complaint.

### A. Cruz's Complaint Fails to State a Claim Upon Which Relief May be Granted.

Cruz's complaint is not clear. It does not comply with the pleading requirement of Fed. R. Civ. P. 8.

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d

---

[3] "*Bivens* constitutional tort lawsuits can only be lodged against individual government officials. Indeed, it is well-settled that *Bivens* actions against the United States—and, by extension, against federal agencies or officials sued in their official capacity—are barred by sovereign immunity, absent an explicit waiver of that immunity." *Tarpley-Bey v. United States*, No. 3:17-CV-1751, 2019 WL 1104185, at *6 (M.D. Pa. Jan 24, 2019) (citing *FDIC v. Meyer*, 510 U.S. 471, 483 (1994) (other citations omitted)). Thus, we construe Cruz's claims to be against the defendants only in their individual capacities since Cruz alleges no explicit waiver of sovereign immunity here.

69, 92 (3d Cir. 2019) (quoting *Erickson*, 551 U.S. at 94). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Liberally construing Cruz's complaint, we nevertheless conclude that the complaint fails to comply with Fed. R. Civ. P. 8, which requires, among other things, that a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(d)(1). Cruz's complaint does not contain a short and plain statement of the court's jurisdiction. *See doc. 1* at 3. Moreover, his complaint does not contain a short and plain statement of his claims. Rather than containing simple, concise, and direct allegations, the complaint is rambling. *See, e.g.*, *id.* at 3 ("In cahoots, they all have disrespected Superior Courts Decisions"), *id.* at 4 ("I was put in Franklin Co. Prison and I was given news of death in the family. Treated as with someone else's orders. Locked in."); *id.* at 5 ("The fact is these are hate crimes by the legal system, courtesy, bashing by professional eccentrics."). "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon

7

which it rests." *Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93). Here, the complaint does not provide fair notice of what Cruz's claims are against the defendants. In fact, it is not clear who the defendants are, what claims Cruz is making against which defendants, or what relief he is seeking against which defendants. Accordingly, the complaint fails to state a claim upon which relief can be granted.

Before dismissing a complaint under a screening provision, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, in light of the liberal-amendment standard, we will grant Cruz an opportunity to correct the deficiencies noted above.

We will briefly discuss some additional issues with respect to Cruz's complaint of which Cruz should be aware should he elect to file an amended complaint.

### B. *Bivens* Claims.

"To state a claim under *Bivens*, Plaintiff must allege that he was deprived of a federal right by a person who was acting under color of federal law." *Donahue v. FBI Scranton Office*, No. 3:13-CV-1286, 2013 WL 3944191, at *8 (M.D. Pa. July 30, 2013) (citing *Young v. Keohane*, 803 F. Supp. 1185, 1199 (M.D. Pa. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, Cruz alleges that he suffered "cruel

and unusual punishments, persecution, prosecution, besieged, under seiged, seiged with a double life murder case after 17 years . . . ." *Doc. 1* at 3.  But Cruz alleges no facts whatsoever regarding the named defendants.  Indeed, throughout the entirety of his complaint, Cruz's only mention of any named defendants comes from a single line: "Clerks and Bailiffs did not do their jobs, seeing, hearing, wrongdoing for years." *Id.*  The bulk of Cruz's complaint centers around his state court conviction and the alleged unconstitutional conduct of Judge Cashman, who is not a named defendant here.[4] *Id.* at 3-5.  Cruz also complains about alleged injuries and constitutional deprivations he suffered while incarcerated, but he does not name any prison officials as defendants. *Id.* at 4-5, 8-10.  Without more, Cruz fails to state any cognizable *Bivens* claim against the named defendants.

### 1. Judicial, Quasi-Judicial, and Qualified Immunities.

Each of the defendants may enjoy some form of immunity, but Cruz alleges so few facts against the defendants that we cannot properly conduct any immunity analysis.  Federal judge defendants, for example, "enjoy absolute immunity with respect to actions taken in their roles as judges." *Ostroski v. Killion*, 2015 WL 5286622, at *4 (M.D. Pa. Sept. 10, 2015) (citing *Kwasnik v. LeBlon*, 228 F. App'x

---

[4] Judge David R. Cashman appears to be a Pennsylvania state court judge. Administration | Judges, Fifth Judicial District of Pennsylvania County of Allegheny (Dec. 21, 2020), https://www.alleghenycourts.us/judges/.

9

238, 244 (3d Cir. 2007)).  Thus, to the extent Cruz complains that a federal judge sentenced him to prison, that judge would enjoy absolute judicial immunity from suit.  And because judicial immunity "may extend to professionals who assist courts in their judicial function," court clerks and directors also enjoy "absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Jarvis v. D'Andrea*, No. 1:14-CV-1492, 2014 WL 4251605, at *8 (M.D. Pa. Aug. 27, 2014) (citing *Hughes v. Long*, 242 F.3d 121 (3d Cir. 2001)); *Mullis v. United States Bankruptcy Ct.*, 828 F.3d 1385, 1390 (9th Cir. 1987), *cited with approval in Akins v. Deptford Twp.*, 813 F. Supp. 1098, 1102-03 (D.N.J. 1993), *aff'd*, 995 F.2d 215 (3d Cir.)).  Thus, to the extent Cruz is alleging that the director or federal clerks' conduction of their duties violated his rights, those defendants would enjoy quasi-judicial immunity from suit.  Finally, any bailiff defendants may enjoy qualified immunity from suit, which requires us to ask "1) 'whether the plaintiff has alleged the deprivation of an actual constitutional right at all;' and 2) 'whether that right was clearly established at the time of the alleged violation.'" *Ostrowski*, 2015 WL 5286622, at *6 (analyzing qualified immunity regarding bailiff defendants) (quoting *Wilson v. Layne*, 526 U.S. 603, 609 (1999)).  Cruz, however, alleges no facts in connection with any of these categories of defendants.

### 2. Cruz May Have Failed to Exhaust his Administrative Remedies.

Immune defendants aside, Cruz also appears to have run afoul of the Prison Litigation Reform Act ("PLRA") by failing to exhaust his administrative remedies because the bulk of his claims arise in the prison setting. *See* 42 U.S.C. § 1997e. Under the PLRA, a "prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process." *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 463 (M.D. Pa. 2010) (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)); *see* 42 U.S.C. § 1997e. "The PLRA also mandates that an inmate 'properly' exhaust administrative remedies before filing suit in federal court." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 92 (2006)). Failure to exhaust administrative remedies is an affirmative defense which must be pleaded and proven by the defendants—the plaintiff need not allege that he exhausted his administrative remedies in his complaint. *Id.* (citing *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002)). Here, however, Cruz admits that he did not file any grievances regarding the issues in his complaint and claims that he does not know whether the prison has a grievance procedure—a far cry from completely exhausting his administrative remedies. *Doc. 1* at 6-7. To the extent that Cruz

complains about prison conditions, the PLRA applies and he must first exhaust his administrative remedies before filing with the District Court.

### 3. Cruz Fails to Plead the Personal Involvement of Any Defendants.

Liability in a *Bivens* action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). And so *respondeat superior* cannot form the basis of liability. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, the plaintiff must show personal involvement "through allegations of personal direction or of actual knowledge and acquiescence . . . made with appropriate particularity." *Rode*, 845 F.2d at 1207. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

As noted above, Cruz's complaint does not go into further detail about any federal judges or directors aside from naming them as defendants. *See doc. 1* at 1. Specifically, his complaint pleads no facts, allegations, or even conclusions

regarding the judge or director defendants—Cruz apparently names them as defendants solely based on their putative supervisory roles.  As for the clerk and bailiff defendants, Cruz merely mentions that they "did not do their jobs." *Id.* at 2.  Far from pleading the personal involvement of these defendants with the appropriate particularity, Cruz's factual allegations are so threadbare as to evoke no image regarding even the slightest personal involvement of any defendant.  Thus, Cruz's *Bivens* claim as plead here fails because he does not plead the personal involvement of any defendants.

### 4. Cruz Seeks Relief Which is Unavailable in a *Bivens* Action.

Cruz seeks as relief payments from the Social Security Administration and $54,000,000 from an unspecified 40-year-old breach of contract regarding his properties and inheritance, as well as "Punitive, Nominal, Commulative, Denominal, [sic] Pain and Suffering" damages. *Doc. 1* at 5.  But Cruz cannot use a *Bivens* action to recover from the Social Security Administration or for an alleged breach of contract since *Bivens* allows recovery for "constitutional violation[s] by a federal agent." *Carlson v. Green*, 446 U.S. 14, 18 (1980).  In other words, *Bivens* allows the court "to fashion a damages remedy against federal officers for other types of constitutional violations." *Mack v. Yost*, 968 F.3d 311, 318 (3d Cir. 2020).  As for the remainder of Cruz's requests for relief, he has failed to plead any underlying constitutional violation sufficient for us to grant him damages.

## V. Amended Order.

Based on the foregoing, and pursuant to 28 U.S.C. § 1915A(b)(1), Cruz's complaint fails to state a claim upon which relief may be granted. **IT IS ORDERED** that Cruz is **GRANTED** leave to file an amended complaint within 28 days of the date of this Amended Order.[5]

Submitted this 19th day of January, 2021.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[5] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). Cruz "is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id.* "Also in general, an amended pleading—like [any] amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017). In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* Any amended complaint must also comply with Fed. R. Civ. P. 20.