# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| ABRAHAM CRUZ, | : | |
| --- | --- | --- |
| Plaintiff | : | CIVIL ACTION NO. 1:20-435 |
| v. | : | (JUDGE MANNION) |
| FEDERAL COURT, *et al.*, | : | |
| Defendants | : | |

# MEMORANDUM

## I. Background

Plaintiff, Abraham Cruz, ("Cruz"), an inmate confined at the State Correctional Institution, Dallas ("SCI-Dallas), Pennsylvania[1], filed, *pro se*, the above caption civil rights action on March 9, 2020, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 28 U.S.C. §1331, as well as 42 U.S.C. §1983. (Doc. 1). Cruz

---

[1] Plaintiff was previously serving an 80-month prison sentence imposed by Judge Conner on August 18, 2015, after a jury convicted him of two counts of threatening to assault and kill a United States Department of Homeland Security Federal Agent in violation of 18 U.S.C. §115. *See* 1:11-cr-242, M.D. Pa. on November 30, 2017, the Third Circuit affirmed his judgment of sentence. (Doc. 185). Since the background of Cruz's underlying federal criminal case is stated in the Third Circuit's Opinion, (Doc. 186-2), it is not repeated herein. Also, it appears that Cruz's federal conviction became final in March of 2018.

Also since the pertinent background of Cruz's instant civil rights case is stated in Judge Schwab's January 19, 2021 Amended Order screening his original complaint, (Doc. 9), it is not fully repeated herein.

simultaneously filed an application to proceed *in forma pauperis*, which was granted by the court on March 20, 2020. (Docs. 2 & 6). Cruz alleged numerous violations of his constitutional rights by federal court personnel as well as alleging violations of his rights regarding his state criminal conviction and regarding the conditions at several state correctional institutions. Judge Schwab screened Cruz's complaint, in accordance with 28 U.S.C. §1915A, detailed its many deficiencies, and found that it failed to state a claim upon which relief may be granted. Thus, the judge dismissed Cruz's complaint and allowed him to file an amended complaint. (Doc. 9). Cruz was also specifically instructed on how to conform his amended complaint, to the pleading requirements of the Federal Rules of Civil Procedure, including Rules 8, 10, and 20. (Doc. 8 at 14 n. 5).

Despite Judge Schwab's explanations as to the deficiencies in Cruz's original complaint and how it failed to state claims against several defendants based, in part on immunity, and despite her instructions regarding how to file a proper amended pleading, on April 7, 2021, Cruz filed his amended complaint (incorrectly styled as "2nd Amended Complaint"), which contains many of the same failures as his original complaint. (Doc. 17). Since Cruz named Judge Schwab as one of his ten defendants in his amended complaint, this case was re-assigned to the undersigned on June 22, 2021.

At this time, the court must screen Cruz's amended complaint, pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, Cruz's amended complaint will be **DISMISSED IN ITS ENTIRETY**, without further leave to file a further amended complaint.

II.     **Factual Allegations**

The sprawling allegations of Cruz's amended complaint will be construed as true for purposes of this screening. However, the court will not attempt to repeat herein or to summarize Cruz's rambling allegations in his 16-page, single spaced, handwritten amended pleading since they are disjointed, span a time period from August 2011 seemingly through the present, cover venues inside and outside of the Middle District of Pennsylvania, including Allegheny County, W.D. Pa., Philadelphia, E.D. Pa., and the Metropolitan Corrections Center ("MCC") in Manhattan, S.D. N.Y. Further, his allegations are in clear violation of Rules 8, 10, and 20, as his initial pleading was. Cruz also appears to claim violations of his constitutional rights which allegedly occurred at several state and federal prisons during

his confinement in them over the years, including a Medical Corrections Center in Philadelphia, MCC New York, a mental health hospital at FCI-Butner, N.C., Adams County Prison, PA., Chambersburg County Prison, PA., as well as SCI-Camp Hill, SCI-Houtzdale and SCI-Dallas, all in PA. Moreover, his allegations are largely non-sensical, e.g., in August 2011, Cruz was confined in Dauphin County Prison waiting for a preliminary hearing on state charges and he alleges that he was assaulted by an inmate after a CO gave him a razor, and then he was "visited by a psychiatrist … and a black woman and an oriental fighter", and that "[he] broke the push-ups record (147), a pretty women (sic) witnessed it." (Doc. 17 at para. 8).

### III. Standards

#### A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. §1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. §1915A(b), or brings a claim with respect to prison conditions. See 42 U.S.C. §1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n. 17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

An action is "frivolous where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional," Neitzke, 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational

or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33.

28 U.S.C. §1915's failure to state a claim standard mirrors Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted."[2] Fed.R.Civ.P. Rule 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief. The complaint must provide the defendant with fair notice of the claim. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. *See* Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the

---

[2]"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (*per curiam*) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. §1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 1915A(b).

Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for his claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a commonsense review of the claim to determine whether it is plausible.

This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

   B. Bivens

"To state a claim under Bivens, plaintiff must allege that he was deprived of a federal right by a person who was acting under color of federal law." Donahue v. FBI Scranton Office, 2013 WL 3944191, at *8 (M.D. Pa. July 30, 2013) (citing Young v. Keohane, 803 F. Supp. 1185, 1199 (M.D. Pa. 1992)).

### C. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. §1983 for certain violations of his constitutional rights. Thus, to state a claim for relief under §1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See* Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also* West v. Atkins, 487 U.S. 42, 48 (1988).

### IV. Discussion

Cruz lists ten defendants in his amended complaint, including "Federal Court" and "Federal Court Employees" and, unnamed and named federal judges, such as Judges Conner and Schwab of this court. Cruz also lists as defendants unnamed "Bailiffs" and "Directors" of the M.D. Pa. courthouse, of the W.D. Pa. courthouse, and the Allegheny County Courthouse. Additionally, Cruz names Allegheny County Court of Common Pleas Judge Daniel Cashman as a defendant as well as Warden Suzanne Hastings at MCC N.Y., and Dr. William J. Ryan, a psychiatrist at MCC N.Y. Cruz further names Federal Agent William Ryan seemingly regarding his federal criminal

prosecution in criminal case number 11-cr-242, M.D. Pa., and his now final conviction for threatening to assault and kill a United States Department of Homeland Security Federal Agent in violation of 18 U.S.C. §115. As mentioned, Cruz's difficult to decipher allegations and claims seeming relate, in part, to the state and federal judges who presided over his criminal cases in their respective courts, as well as the so-called "Directors" of the respective courthouses, and the unnamed Federal Court personnel, including state and federal "Bailiffs", whom Cruz alleges "supervise and can arrest judges." He also names prison personnel and complains about conditions at several state and county correctional institutions which allegedly occurred many years ago.

Much like his original complaint, there are several reasons why Cruz's amended complaint must be dismissed, such as the failure to properly state his claims in conformance with Rules 8 and 10, despite being previously instructed by the court of the pleading requirements, the impermissible joinder of claims under Rule 20, the expired statute of limitations with respect to all of his constitutional claims which occurred before March 9, 2018—two years prior to the date Cruz signed his original complaint, the improper venue regarding all of his claims that accrued in other districts, including his medical malpractice claims against psychiatrists at MCC N.Y. and FCI Butner N.C.,

and the absolute judicial immunity to which the defendant federal and state judges are entitled with respect to the damages claims. Also, Cruz's attempt to challenge his conviction in his prior federal criminal case 11-cr-242 is untimely since he has now completed serving his sentence imposed in that case, and such a challenge cannot be raised in a civil rights action.

First, Cruz's damages claims against the individual state and federal judges are barred by the doctrine of absolute judicial immunity since all of their alleged unlawful conduct clearly related to actions they took within their jurisdiction, such as Cruz's claims against Judge Schwab based on her Orders issued in this case. *See* Salley v. Sect. Pa. Dept. of Corrections, 565 Fed.Appx. 77, 81 (3d Cir. 2014). "A judge is immune from liability for all actions taken in his judicial capacity, unless such action is taken in the absence of all jurisdiction." (citing Stump v. Sparkman*,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Further, a judge's decisions in a case are clearly judicial acts protected by judicial immunity. *See* Stankowski v. Farley, 487 F.Supp.2d 541 (M.D. Pa. 2007).

Second, the vast majority of Cruz's claims are barred by the applicable two-year statute of limitations for civil rights actions under Bivens and under §1983, and must be dismissed with prejudice. *See* Salley, 565 Fed.Appx. at 81 (citing Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir.1993)). In actions

pursuant to Bivens and §1983, federal courts apply the state's statute of limitations for personal injury. *See* Wallace v. Kato, 549 U.S. 384, 387 (2007) (in section 1983 actions the court looks to the law of the state for the length of the statute of limitations for personal-injury actions). In Pennsylvania, the relevant statute of limitations is two years. Wooden v. Eisner, 143 Fed.Appx. 493, 494 (3d Cir. 2005). Additionally, the district court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint, as it is in this case. Kontaxes v. Wagner, 2012 WL 6764500, at *3 (W.D. Pa. Nov. 23, 2012).

Thus, the two-year statute of limitations applies to bar all of Cruz's claims arising before March 9, 2018.[3]

Third, Cruz's action against defendant "Federal Court" is barred by sovereign immunity since it is essentially a Bivens action against an agency of the United States. *See* FDIC v. Meyer, 510 U.S. 471, 483 (1994).

Fourth, Cruz's action against Federal Court employees, federal and state court "Directors", as well as "Bailiffs", must also be dismissed. No doubt

---

[3]Pursuant to the "prison mailbox rule," the inmate's complaint is considered filed on the day that he delivered it to prison officials for mailing to the district court. *See* Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Cruz signed his original complaint on March 9, 2020.

that judicial immunity "may extend to professionals who assist courts in their judicial function," and court clerks and directors are also entitled to "absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Jarvis v. D'Andrea, 2014 WL 4251605, at *8 (M.D. Pa. Aug. 27, 2014) (citing Hughes v. Long, 242 F.3d 121 (3d Cir. 2001)); Ostrowski v. Killion, 2015 WL 5286622 (M.D. Pa. Sept. 10, 2015).

Fifth, Cruz again fails to properly state the personal involvement of each one of his defendants with respect to the alleged violations of his constitutional rights as he was previously instructed he must do. (Doc. 9 at 12). Also, Cruz again impermissibly attempts to rely upon *respondeat superior* as the basis of liability with respect to some of his defendants, such as Warden Hastings of MCC N.Y. *See* Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Finally, the remainder of the claims Cruz raises in his amended complaint, which are basically unintelligible, will be dismissed with prejudice based on futility due to his failure to properly state any cognizable claim, as well as his continued violation of Rule 20 and his failure to comply with the court's directive to file an amended complaint that complied with Rules 8 and 10. See Salley, 565 Fed.Appx. at 81.

Rule 20(b) defines the limits of defendants that can be joined to a single action when: "(A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(b). The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *See* Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. *See* Pruden v. SCI Camp Hill, 252 Fed. Appx. 436 (3d Cir. 2007). Here, Cruz's claims date back to August of 2011 and seemingly span a decade and involve alleged incidents at several state and federal correctional facilities located in various districts, including the Eastern, the Middle, and the Western Districts of Pennsylvania, as well as the Southern District of New York. As the court previously found, Cruz's alleged incidents over the past ten years are not sufficiently related and cannot be properly joined in one action. The court also finds that no amendment to the amended pleading would be able to cure the temporal and geographic gaps between the claims Cruz raises in his amended complaint. Moreover, Judge Schwab's January 19, 2021 Order, (Doc. 9),

clearly explained to Cruz the requirements of Rule 20, to which he responded with an amended complaint containing more unrelated claims and more defendants.

Therefore the court finds that dismissing Cruz's remaining unrelated claims, with prejudice, to be appropriate, particularly since it would be futile to allow Cruz to file a second amended pleading, as his claims are also subject to dismissal for the other reasons detailed above. *See* Salley, 565 Fed.Appx. at 82 (citing Grayson v. Mayview State Hosp*.,* 293 F.3d 103, 108 (3d Cir. 2002) (If a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile.)).

Accordingly, Cruz's amended complaint will be dismissed in its entirety as frivolous and for failure to state claims pursuant 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Because it is not plausible that Cruz will be able to articulate a claim against any defendant, as discussed, he will not be given another opportunity to amend his claims and to file a second amended complaint. *See* O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is not appropriate since the plaintiff's claims appear to be "patently meritless and beyond all hope of redemption").

## V. Conclusion

Based on the discussion above, the court will dismiss Cruz's amended complaint in its entirety, (Doc. 17), with prejudice, based on the many reasons outlined above, including being time barred, defendants being protected by various forms of immunity, and for failing to state claims upon which relief may be granted pursuant 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 29, 2021**
20-435-01